IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VANTWAIN STOKES, AIS 213129, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-467-WHA-KFP |
| | )             [WO] |
| SPENCER W. DANZEY, et al., | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Vantwain Stokes, an indigent inmate at the Decatur Work Release Center, brings this 42 U.S.C. § 1983 action against attorney Spencer Danzey, Sheriff Will Maddox, Lieutenant Troy Silva, John Brunner, District Attorney Mark Johnson, Assistant District Attorney Samuel Llenny III, and attorney Jon-Patrick Amason, asserting that he was subjected to an unlawful stop, search, seizure, and arrest. He filed his Complaint on July 5, 2021,[1] and he requests that he be released, that the record of his conviction for trafficking be wiped clean, and that he be awarded damages for illegal detention. After a review of the Complaint, the undersigned RECOMMENDS that this case be DISMISSED, as set forth below.

---

[1] The Court considers July 5, 2021, to be the filing date of the Complaint. Although the Clerk stamped the Complaint "filed" on July 12, 2021, Plaintiff signed his Complaint on July 5, 2021, and a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

**II.    STANDARD OF REVIEW**

Because the Court granted Stokes leave to proceed in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from money damages. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter],* 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

### III.  DISCUSSION

#### A.  Statute of Limitations

In the Complaint, Plaintiff claims Henry County law enforcement officials violated his constitutional rights on February 8, 2013, when they detained him for "some contraband" after illegally stopping him and subjecting him to an unlawful search and arrest and, further, that the invalidity of the stop, search, and seizure made admission of the contraband at trial improper.[2] However, as explained below, Stokes' Complaint is barred by the statute of limitations for 42 U.S.C. § 1983 actions.

Constitutional claims under § 1983 are tort actions subject to the statute of limitations for personal injury actions in the state where the action is filed, which in Alabama is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985); Ala. Code § 6-2-38; and *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*)). Although state law supplies the statute of limitations, the accrual date of a § 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Under federal law, the statute of limitations for a § 1983 claim alleging false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run when "the claimant becomes detained pursuant to legal process." *Id*. at 397. Because false imprisonment consists of detention *without* legal

---

[2] The Court obtained relevant information regarding Stokes' drug trafficking charge from the state court entries for the circuit court of Henry County, Alabama, as maintained by the Alabama Trial Court System and hosted at www.alacourt.com. In accordance with applicable federal law, the Court takes judicial notice of the state court records. *Keith v. DeKalb Cty., Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

process, false imprisonment ends when the victim becomes held *pursuant to* legal process (for example, when he is bound over by a magistrate or arraigned on charges), and that is when the limitations period begins to run. *Wallace*, 549 U.S. at 389 (discussing the torts of false arrest and false imprisonment and referring to the two torts together as false imprisonment); *see also Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir. 2008) (recognizing that false imprisonment limitations period began to run when prisoner was held pursuant to legal process, i.e., when plaintiff received initial appearance following arrest). In this case, the state court record establishes that Stokes was arrested on February 8, 2013, released from detention on bond on March 5, 2013, and indicted by a grand jury on April 2, 2014. Therefore, the limitations on his Fourth Amendment claim began to run— at the latest—on April 3, 2014, when he would have been held *pursuant to* legal process instead of *without* legal process.[3]

Additionally, the Court can find no basis for tolling the statute of limitations. In *Wallace*, the Supreme Court specifically held that the limitations period for claims based on false arrest and false imprisonment is not delayed because of an anticipated future conviction and is not tolled while the *Heck* bar subsists.[4] Likewise, by its express terms, the tolling provision of Ala. Code § 6-2-8(a) affords no relief from application of this time bar. That provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three

---

[3] In computing the federal period of limitations, a court must "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A).
[4] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) bars "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction" unless the conviction has already been declared invalid by a state or federal tribunal.

4

years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action," but such tolling shall not exceed "20 years from the time the claim or right accrued." The state court record demonstrates Stokes was not under the age of 19 or legally insane at the time his claims accrued.

As to any other tort claims that Stokes attempts to present, the statute of limitations began to run when "facts which would support a cause of action [were] apparent or should [have been] apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (internal quotations and citation omitted). The actions described in the Complaint occurred more than two years before Stokes filed his Complaint on July 5, 2021. As a result, as with his § 1983 claims, they are barred by the two-year statute of limitations that expired on April 4, 2016.[5]

Finally, to the extent Stokes seeks to challenge actions by Defendants that occurred during the state court criminal proceedings but are not described in the Complaint, Stokes should have been aware of his injuries by January 26, 2016, when a jury convicted him of the drug trafficking charge, and the limitations period for this conduct ran uninterrupted until it expired on January 29, 2018,[6] more than three and a half years before Stokes filed his Complaint on July 5, 2021.

---

[5] Since expiration of the limitations period for Stokes' illegal stop and arrest claims fell on April 3, 2016, a Sunday, the two-year period of limitations expired the following Monday, April 4, 2016. Fed. R. Civ. P. 6(a)(1)(C).

[6] Because January 27, 2018, fell on a Saturday, the two-year period of limitations expired the following Monday, January 29, 2018. Fed. R. Civ. P. 6(a)(1)(C).

Although the statute of limitations is usually raised as an affirmative defense, in an action proceeding in forma pauperis under § 1915, the Court may consider affirmative defenses apparent from the face of the complaint. *Clark*, 915 F.2d at 640 n.2; *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990) (stating that a § 1915 dismissal is allowed if the district court sees that an affirmative defense would defeat the action). It is apparent from the face of the Complaint, as well as the state court record over which the Court has taken judicial notice, that Stokes filed this action more than two years after the challenged conduct occurred and that no tolling provisions apply. Therefore, it is due to be dismissed under § 1915(e)(2)(B)(i) as frivolous. *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) (explaining that the "expiration of the statute of limitations warrants dismissing a complaint as frivolous") (citing *Clark*, 915 F.2d at 641 n.2).

**B.  The Challenge to Plaintiff's Conviction**

To the extent Stokes challenges the validity of his drug trafficking conviction or the sentence imposed by the state circuit court, those claims go to the fundamental legality of his confinement and also provide no basis for relief. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, as mentioned above, the Court held that a § 1983 action for damages that would have the effect of invalidating an outstanding conviction or sentence, if the Court were to rule favorably on it, could not proceed until the underlying conviction or sentence had been invalidated. 512 U.S. at 483–489. In dismissing Heck's complaint, the Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release,

even though such a claim may come within the literal terms of § 1983." *Id.* at 481. The Court rejected the lower court's reasoning that a § 1983 action should be construed as a habeas corpus action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that, absent prior invalidation, a state prisoner's § 1983 action is barred if success would necessarily demonstrate the invalidity of the confinement or its duration, regardless of the relief sought (damages or equitable relief) or the target of the suit (state conduct leading to the conviction or an internal prison proceeding)).

Similarly, in *Balisok*, the Court concluded that an inmate's claims for declaratory, injunctive, and money damages that necessarily implied the invalidity of his punishment was not cognizable under § 1983 unless he could demonstrate that the challenged action had been invalidated. 520 U.S. at 648. This is true not only when a prisoner challenges the judgment substantively or procedurally. *Id*. at 645. The Court reiterated the position taken in *Heck* that the sole remedy in federal court for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus, and it reemphasized that "a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 643, 649.

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his state court criminal conviction and sentence. 512 U.S. at 489 (explaining that the Court did not "engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action" and that even an inmate who has exhausted all available state remedies has no § 1983 cause of action

7

until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (observing that "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion"). Consequently, any claims presented by Stokes challenging the constitutionality of his state conviction or sentence are not cognizable and are, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS the following:

1.   Plaintiff's Complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the applicable statute of limitations.

2.   Plaintiff's challenge to the constitutionality of the conviction or sentence imposed on him in January of 2016 by the state circuit court be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.   This case be DISMISSED before service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further ORDERED that by **November 15, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 1st day of November, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE